IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
CANAL INSURANCE COMPANY,      )
a Foreign Corporation,        )
                              )
     Plaintiff,               )
                              )     CIVIL ACTION NO.
     v.                       )       2:10cv185-MHT
                              )           (WO)
PRINCE D. YELDER d/b/a        )
Yelder-N-Sons Trucking,       )
Inc., et al.,                 )
                              )
     Defendants.              )
```

OPINION AND ORDER

Plaintiff Canal Insurance Company ("Canal") filed this declaratory-judgment action against defendants Prince Yelder (d/b/a Yelder-N-Sons Trucking, Inc.), Larry Yelder, Sr., Harco National Insurance Company ("Harco"), and United States Fire Insurance Company ("USFIC"), requesting the court to find that Canal is not responsible to defend the insured or pay any judgments rendered in underlying actions arising from an automobile accident.

This matter is before the court on Harco's motion to dismiss or in the alternative to transfer due to improper venue.  Jurisdiction is proper under 28 U.S.C. § 1331 (federal question) and § 1332 (diversity).  For the reasons that follow, the motion will be denied.

## I. BACKGROUND

On June 14, 2007, Larry Yelder, Sr., an employee of Yelder-N-Sons Trucking, was driving in Missouri when his tractor-trailer collided with another truck, owned by Tri-National Logistics, Inc. ("Tri-National").  The Tri-National truck was damaged and its driver and passenger (Paul and Joyce Pikey) sustained injuries in the accident.  Prince Yelder (owner of Yelder-N-Sons Trucking) and his driver (Larry Yelder, Sr.) are insured by Canal.

The Pikeys, Tri-National, and their insurance companies (Harco and USFIC) are seeking compensation from Canal for the damages and injuries arising from the

2

accident. Harco has already obtained a default judgment against Yelder-N-Sons Trucking for the value of the Tri-National truck; the Pikeys are seeking compensation for their personal injuries; and USFIC has asserted a subrogation claim against Canal for medical and indemnity benefits paid to Paul Pikey.

Since the accident, the Yelders have not cooperated with Canal or its retained defense counsel, and they did not provide Canal with any notice that a suit was filed against them in Missouri. Furthermore, Canal alleges that the tractor-trailer driven by Larry Yelder, Sr. at the time of the accident was not one of the vehicles listed in the Yelders' insurance policy. Because the truck was not listed in the policy and given the Yelders' lack of cooperation, Canal is seeking a declaratory judgment stating that it does not have a duty to defend or indemnify the Yelders for any underlying claim arising from the accident. It further asks the court to declare that neither Harco nor USFIC may assert their subrogation

3

interests for any funds available under Prince Yelder's policy with Canal.

Harco contends that Canal brought this declaratory-judgment action in the wrong venue, and it asks this court to dismiss this case or to transfer it to Eastern District of Missouri.

## II. DISCUSSION

28 U.S.C. § 1406(a) requires that, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." As jurisdiction in this case is found under both federal question, 28 U.S.C. § 1331, and diversity, 28 U.S.C. § 1332, venue is proper in a district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

28 U.S.C. § 1391(b)(2).  As Harco has objected to the venue under 28 U.S.C. § 1406(a), it bears "the burden of establishing that venue is improper."  17 James Wm. Moore, et al., Moore's Federal Practice § 110.01[5][c] (3d ed. 2009).

While "venue in a declaratory judgment action is not a heavily litigated issue," Pl.'s Resp. Mot. Dismiss at 4 (Doc. No. 42), "[t]here is legal support for the proposition that, in a declaratory action such as this one, venue may lie where the events occurred in the underlying lawsuit for which coverage is sought; and also that venue may lie where the events relating to the insurance policy at issue occurred." Lumbermens Mut. Cas. Ins. Co. v. Peirce, Raimond, & Coulter, P.C., 2009 WL 1035022, at *1 (W.D. Pa. 2009) (Ambrose, C.J.).  A "prerequisite to invoking section 1406(a) is that the venue chosen by the plaintiff must be improper," 14D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3827 (3rd ed. 2007) (emphasis added), and

5

therefore, Harco must persuade the court that venue does not lie in this district.  28 U.S.C. § 1391(b)(2) requires the court to examine "the events and omissions giving rise to the particular claim at issue" to determine whether this case is properly before this court.

Harco argues that a substantial part of the events giving rise to this claim occurred in Missouri, including the accident, the property damage, the personal injuries, and the default judgment against the Yelders.  Canal counters that this declaratory-judgment action focuses on the insurance contract and not the automobile accident in Missouri.  Canal explains that the insurance policy was issued in Alabama and is governed by Alabama law; the Yelders reside in this district; and the Yelders breached the policy in this district when they failed to cooperate with Canal and did not list the truck driven by Larry Yelder, Sr. with the insurance company.

The language of 28 U.S.C. § 1391 "contemplates some cases in which venue will be proper in two or more districts." Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003).  Therefore, the court is not required to weigh the events that occurred in Missouri against those that took place in Alabama and choose which venue is more proper; rather, even though "a substantial part of the events or omissions giving rise to" the claim in this litigation, 28 U.S.C. § 1391(b)(2), may have occurred in Missouri, so long as the same can be said as to the Middle District of Alabama, venue is proper in this district, and Harco's motion should be denied.  As discussed in Lumbermans, "it is true that an insurer's coverage obligations regarding an underlying lawsuit might, in some situations, have little to do with the events or omissions giving rise to that lawsuit," but in this case, Canal bases its suit on the Yelders' substantial actions in Alabama.  Lumbermans, 2009 WL 1035022, at *1.  Thus, because, as the court is

convinced, "a substantial part of the events or omissions giving rise to" the claim in this litigation, 28 U.S.C. § 1391(b)(2), occurred in the Middle District of Alabama, Harco has not presented a compelling argument as to why the Middle District of Alabama is the improper venue for this declaratory-judgment action to proceed.

\* \* \*

Accordingly, it is ORDERED that defendant Harco National Insurance Company's motion to dismiss or in the alternative to transfer due to improper venue (Doc. No. 33) is denied.

Done this the 22nd day of June, 2010.

                         /s/ Myron H. Thompson
                         UNITED STATES DISTRICT JUDGE