IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY, ) <br> a Foreign Corporation, ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> PRINCE D. YELDER d/b/a ) <br> Yelder-N-Sons Trucking, ) <br> Inc., et al., ) <br> ) <br>     Defendants. ) | CIVIL ACTION NO. <br> 2:10cv185-MHT <br> (WO) |

OPINION

Plaintiff Canal Insurance Company filed this declaratory-judgment action against defendants Prince Yelder (d/b/a Yelder-N-Sons Trucking, Inc.), Larry Yelder, Sr., Harco National Insurance Company, and United States Fire Insurance Company ("USFIC"), requesting the court to find that Canal is not responsible to defend the Yelders or pay any judgments to Harco or USFIC pursuant to a MCS-90 endorsement within its policy with the Yelders. Jurisdiction is proper under 28 U.S.C. § 1332 (diversity).

In June 2010, this court granted Canal's motion for default judgment against the Yelder defendants and declared that Canal "does not have a duty to defend or indemnify defendants Prince Yelder (d/b/a Yelder-N-Sons Trucking, Inc.) and Larry Yelder, Sr. ... for the June 14, 2007, automobile accident referred to in [Canal]'s complaint in this case.". <u>Canal Ins. Co. v. Yelder</u>, 2010 WL 2488866 (M.D. Ala. 2010) (Thompson, J.).  And, in March 2011, following a stipulation from Harco that it had no claims against Canal, this court entered a judgment directing that Harco be dismissed without prejudice.  USFIC is the sole remaining defendant.

This matter is before the court on USFIC's motion to amend its position and to dismiss this lawsuit.  For the reasons that follow, the motion will be granted.

In June 2007, Larry Yelder, Sr., an employee of Yelder-N-Sons Trucking, was driving in Missouri when his tractor-trailer collided with another truck, owned by Tri-National Logistics, Inc.  The Tri-National truck was

2

damaged and its driver and passenger (Paul and Joyce Pikey) sustained injuries in the accident.  Prince Yelder (owner of Yelder-N-Sons Trucking) and his driver (Larry Yelder, Sr.) were insured by Canal.

Following the accident, the Pikeys, Tri-National, and their insurance companies (USFIC and Harco) sought compensation from Canal for the damages and injuries arising from the accident.  USFIC is the worker's compensation carrier for Paul Pikey's employer and previously asserted a subrogation claim against Canal for benefits paid to Paul Pikey.

In March 2010, Paul Pikey filed suit against the Yelders in Missouri state court.  After the initiation of the Missouri litigation, USFIC filed a motion changing its position in this court.  USFIC now contends that, under Missouri law, any benefits paid to Paul Pikey in the state-court litigation will be used to cover USFIC's subrogation interest.  USFIC's Motion to Dismiss (Doc. No. 88) at 2-3 (citing <u>Kinney v. Schneider Nat'l</u>

3

Carriers, Inc., 200 S.W.3d 607 (Mo. App. 2006) and Missouri Highway & Trans. Comm'n v. Merritt, 204 S.W.3d 278 (Mo. App. 2006)). According to USFIC, "Because Paul Pikey filed a third-party action against Yelder in Missouri State Court, and thus preserved both his independent personal injury claim and USFIC's subrogation interest, there is no 'direct claim' by USFIC against Canal." Id. at 3.

Given USFIC's admission that it no longer has a "direct claim" against Canal and because this admission has the force of law, see, e.g., New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001) (stating that judicial estoppel is an equitable doctrine designed to prevent a party from asserting a position in later proceedings that is inconsistent with a position upon which that party prevailed in an earlier proceeding), the court sees no reason not to allow the change of position.

The court further holds that not only should it, in its discretion, decline entry of a declaratory judgment

4

pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, but that this litigation no longer presents a "case or "controversy." Cf. Auto-Owners Ins. Co. v. Toole, 947 F.Supp. 1557, 1561 (M.D. Ala. 1996) (Thompson, J.) ("Here, Toole could prevail in the underlying lawsuit. With this result, the issue of whether Auto-Owners must indemnify Toole would be moot, and the court would never have to reach the issue. 'The time and effort the court and the parties would have expended in resolving the issue would be wasted. For these reasons, the court concludes that the issue of indemnification is not sufficiently ripe to present a "case" or "controversy" and that, if there were, the court would still, in the exercise of its discretion, decline to provide declaratory relief.'") (citation and footnote omitted); Pharmacists Mutual Ins. Co. v. Godbee Medical Distributors, Inc., 733 F. Supp. 2d 1281, 1286 (M.D. Ala. 2010) (Thompson, J.) (noting that a duty to indemnify "'is not ripe for adjudication until the insured is in

fact held liable in the underlying suit'") (quoting Nationwide Ins. v. Zavalis, 52 F.3d 689, 693 (7th Cir. 1995)).

\* \* \*

The court concludes with two points.  First, this ruling shall not be taken to prejudice any party's position in the Missouri state-court litigation.  Second, as stated above, USFIC is on notice that it has represented to this court that, in light of the underlying state-court litigation, it has no "direct claim" against Canal for its subrogation interest.  An appropriate judgment, granting USFIC's motion to amend its position and for dismissal of this lawsuit, will be entered.

DONE this the 18th day of January, 2012.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE